**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FINANCIAL PACIFIC LEASING, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRAIRIE EMERGENCY SERVICES, S.C, )<br>RAO KILARU, and KRISHNA KILARU, )<br>)<br>Defendants. ) | Case No. 12-cv-7533<br><br>Judge Robert M. Dow, Jr. |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Financial Pacific Leasing, LLC ("FPL") filed this action against Defendants Prairie Emergency Services, S.C. ("Prairie"), Rao Kilaru ("Rao") and Krishna Kilaru ("Krishna"). Plaintiff alleges breach of contract and replevin as to Defendant Prairie and breach of guaranty as to Defendants Rao and Krishna. Plaintiff seeks damages, interest, late fees, and attorney's fees and costs. This matter is now before the Court on Plaintiff's unopposed motion for summary judgment [19]. For the reasons stated below, the motion is granted in part as to Count III, the breach of guaranty claim against Defendant Krishna.[1]

**I.     Background**

The relevant facts are taken from Plaintiff's Local Rule 56.1 Statement of Material Facts ("SOF") [21]. Despite having the opportunity, Defendant Krishna – who is represented by counsel – neither has responded to Plaintiff's motion for summary judgment nor submitted a response to Plaintiff's SOF. Local Rule 56.1(b)(3)(C) provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted

---

[1] Defendants Prairie and Rao sought bankruptcy protection after this case was filed, see [6], [23], which automatically stays the claims against those Defendants. See 11 U.S.C. § 362.

by the statement of the opposing party." The Court therefore deems admitted all of the facts set forth in Plaintiff's SOF.

Plaintiff FPL is a limited liability company registered under the laws of the state of Washington with its principal place of business in Washington. [21] ¶ 1. Plaintiff's sole member is Financial Pacific Holding Corp., a Delaware corporation with its principal place of business in Washington. *Id.* ¶ 1. Defendant Prairie is an Illinois corporation with its principal place of business in Joliet, Illinois. Defendant Prairie has filed for bankruptcy protection under Title 11 of the United States Code. *Id.* ¶ 2. Defendant Rao is a citizen of Illinois. *Id.* ¶ 3. Like Defendant Prairie, Defendant Rao has filed for bankruptcy protection under Title 11 of the United States Code. See [23]. Defendant Krishna is a citizen of Illinois. [21] ¶ 5. The Court is not aware of any bankruptcy petitions that have been filed on her behalf.

Defendant Rao was the president of Defendant Prairie between May 2011 and September 2012. *Id.*¶ 8. In that capacity, Defendant Rao on or about May 6, 2011 executed an equipment lease agreement ("the Agreement") on behalf of Defendant Prairie. *Id.* ¶ 7. Pursuant to the Agreement, Brickhouse Small Business Leasing, LLC ("BSBL"), a non-party, agreed to lease certain equipment to Prairie. *Id.* In exchange, Defendant Prairie agreed to make sixty consecutive monthly lease payments to BSBL. See *id.* ¶ 13. First and last payments of $5,600.32 were to be made in advance, and the remaining payments of $2,800.67 each were to be made monthly. See *id*. The Agreement defined failure to make timely payments as an "event of default" entitling BSBL to assess late charges, repossess the leased equipment, collect on an accelerated basis the balance due and owing, collect prejudgment interest at the rate of 10% per annum, and receive payment of any attorneys' fees and costs it incurred. See *id.* ¶¶ 15-16. Defendant Prairie also executed a Pre-Funding Lease Acceptance Agreement and Authorization to Commence Lease

("Acceptance and Authorization") pursuant to which it waived its right to assert any claim or defense against BSBL regarding the leased equipment and its delivery. *Id.* ¶ 11. Defendants Rao and Krishna each personally guaranteed Defendant Prairie's timely performance of its obligations under the Agreement. See *id.* ¶¶ 9-10. In their guaranties, Defendants Rao and Krishna waived their right to receive notice of any default by Defendant Prairie. *Id.* ¶ 19. Defendants Rao and Krishna also waived their right to require BSBL to proceed against Defendant Prairie or the leased equipment prior to seeking relief from them, *id.*¶ 20, and agreed to pay reasonable attorneys' fees and costs incurred by BSBL in the event of a default. See *id.* ¶ 17.

Immediately after signing the Agreement, BSBL assigned all of its rights, title, and interest in the Agreement and Defendant Rao's and Krishna's guaranties to Plaintiff. *Id.* ¶ 12.

Plaintiff fully performed all of its obligations under the Agreement and guaranties. *Id.*¶ 18. Defendant Prairie made thirteen of the sixty payments due under the Agreement. *Id.* ¶ 14. Defendant Prairie failed to make the fourteenth payment, due July 15, 2012, triggering an "event of default" under the Agreement. Defendant Prairie has failed to make all subsequent payments. *Id.* Defendant Krishna has not made any payments pursuant to her guaranty. *Id.* ¶ 21.

Plaintiff filed this lawsuit alleging breach of contract and replevin against Defendant Prairie and breach of guaranty against Defendants Rao and Krishna on September 20, 2012. See [1]. Plaintiff repossessed the leased equipment on January 25, 2013. [21] ¶ 22. Plaintiff was able to remarket and sell in a commercially reasonable manner one piece of the equipment, netting $600. *Id.* ¶ 23. The amount owed under the Agreement as of March 14, 2013 – the remaining forty-seven payments of $2,800.67 each, less the $600 recovery and discounted to present value at a rate of 6% per the Agreement – was $125,430.15. *Id.* ¶ 24; *id.* Ex. 1 ¶ 20. The

Agreement also provides that Plaintiff is entitled to ten percent per annum prejudgment interest, which Plaintiff calculated to be $8,349.48 as of March 14, 2013, [21] ¶ 24; *id.* Ex. 1 ¶ 20, and late charges, which Plaintiff calculated to be $1,262.30. [21] ¶ 24; *id.* Ex. 1 ¶ 20. Both the Agreement and Defendant Krishna's guaranty provide that Plaintiff is entitled to recover "reasonable costs and attorneys' fees" it incurs in connection with their enforcement. See *id.* Ex. 1 Ex. A ¶ 9; *id.* Ex. 1 Ex. C ¶ 6. Plaintiff has provided the Court with documentation indicating that it has incurred $8,330.00 in attorneys' fees and $654.94 in costs prosecuting this action. See *id.* Ex. 4.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250\ (1986) (quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a

scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson,* 477 U.S. at 252.

Although Defendants did not respond to Plaintiff's motion for summary judgment, the Court must still assess whether Plaintiff is entitled to judgment as a matter of law. Summary judgment will be granted only if, employing the above standard, such a ruling is appropriate. See Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). )

**B.     Applicable Law**

This matter is before the Court pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. In diversity cases, the Court applies federal procedural law and state substantive law. *E.g.*, *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010). The Court applies the choice-of-law rules from the forum state to determine which state's substantive law will govern. See *ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 706 (7th Cir. 1995). Illinois courts have adopted the approach set forth in the Restatement (Second) of Conflict of Laws, which provides that a contract's choice-of-law provision will govern unless "(1) the chosen state has no substantial relationship to the parties or the transaction; or (2) application of the chosen law would be contrary to a fundamental public policy of a state with a materially greater interest in the issue in dispute." *Brown & Brown, Inc. v. Mudron,* 887 N.E.2d 437, 439-40 (Ill. App. Ct. 3d Dist. 2008) (citing Restatement (Second) of Conflict of Laws § 187 (1971)). That is, "Illinois respects a contract's choice-of-law clause as long as the contract is

5

valid and the law chosen is not contrary to Illinois's fundamental public policy." *Thomas v. Guardsmark*, 381 F.3d 701, 705 (7th Cir. 2004).

Here, both the Agreement and guaranties contain specific choice-of-law provisions stating that the applicable law is that of "the state and county in which the corporate office of the assignee or successor [of BSBL] is located." See [21] Ex. 1 Ex. A ¶ 17 (Agreement); *id.* Ex. 1 Ex. C ¶ 8 (Defendant Krishna's guaranty). That locale is Washington. As neither party contends that either the Agreement or guaranty is invalid or that Washington law is contrary to Illinois's fundamental public policy, the Court applies Washington substantive law. The Court notes that there appear to be no public policy concerns here; Washington contract law is substantially similar to Illinois contract law.

### C. Breach of Guaranty as to Defendant Krishna

To succeed on its claim for breach of guaranty under Washington law, Plaintiff must prove (1) a valid contract, (2) breach by Defendant Krishna, and (3) resulting damages. *Lehere v. State, Dep't of Social & Health Servs.*, 5 P.3d 722, 727 (Wash. Ct. App. 2000); *cf. Henderson-Smith & Assoc. Inc. v. Nahamani Family Serv. Ctr. Inc.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 1st Dist. 2001) ("The elements of breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.").

As to the first element of the claim, there is no question that the Agreement and guaranty are valid. The Agreement between Prairie and BSBL was executed by Defendant Rao and a manager of BSBL, and Defendant Krishna admits that the copy of the Agreement submitted to the Court is true and correct. See [21] ¶¶ 7-8. Additionally, Defendant Krishna admits that she executed a guaranty Guaranties in relation to the Agreement, and that the copy provided to the

Court is authentic. *Id.* ¶ 10. Lastly, it is undisputed that BSBL properly assigned all its right, title, and interest in the Agreement (including the guaranties) to Plaintiff FPL. *Id.* ¶ 12. Moreover, Plaintiff performed all of its obligations under the Agreement. *Id.* ¶ 18.

As to the second element, it is undisputed that Defendant Krishna failed to fulfill the obligations set forth in her guaranty. Pursuant to paragraph 1 of her guaranty, Defendant Krishna agreed that, "in the event of default in payment" by Defendant Prairie, she would "promptly make or cause such payment to be made or * * * perform or cause to be performed all such terms, covenants and conditions not completely fulfilled by [Defendant Prairie]." *Id.* Ex. 1 Ex. C ¶ 1. No evidence in the record suggests that Krishna has made or caused to be made any payments to Plaintiff. See [21] ¶ 21.

To satisfy the third element, Plaintiff must show that it suffered damages as a result of Defendant Krishna's failure to honor her guaranty. Plaintiff has presented evidence demonstrating that it is owed $131,631.49 under the Agreement – forty-seven payments of $2,800.67 each – which, when discounted to present value using the 6% figure set forth in the Agreement, amounts to $126,030.15 in damages. When the $600 that Plaintiff was able to recover by selling the repossessed equipment is subtracted from that figure, the total owed under the Agreement and guaranteed by Defendant Krishna's guaranty is $125,430.15. The Agreement provides that Plaintiff also may seek pre-judgment interest at a rate of 10% per annum from the date of acceleration. Plaintiff has submitted the affidavit of an individual familiar with Defendants' accounts; by her calculations, $8,349.48 in pre-judgment interest is due (a per diem of $34.36 for a period of 243 days). See [21] Ex. 1 ¶ 20. The Agreement further provides that Plaintiff may assess a "'Late Charge' equal to 15% of the Lease Payment * * * not paid by the third (3rd) day of the month in which the Lease Payment is due." [21] Ex. 1 Ex. A ¶ 5.

7

Plaintiff's affidavit avers that $1,262.30 in late charges are due. This is roughly equal to the Agreement-provided "Late Charge" for three monthly payments (which by the Court's calculation would be $1,260.30. ((0.15 x 2800.67) x 3). Plaintiff also has provided documentation showing that it incurred $8,330 in attorneys' fees and $654.94 in costs in seeking recovery of its damages. All told, Plaintiff has demonstrated damages of $144,026.87.

Because Plaintiff has submitted uncontroverted evidence supporting all three elements of its breach of guaranty claim against Defendant Krishna, the Court grants summary judgment on the claim, see Fed. R. Civ. P. 56(e)(3), and awards Defendant its requested relief of $144,026.87.

### III.     Conclusion

For the reasons stated above, Plaintiff's motion for summary judgment [19] is granted in part as to Defendant Krishna.


Dated: July 8, 2013                              _____
                                                 Robert M. Dow, Jr.
                                                 United States District Judge